IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| HOLLY COOPER-ROELL<br>Plaintiff, | §<br>§<br>§ | |
| V. | § | CIVIL ACTION NO. 3:18-cv-00260 |
| TARGET CORPORATION | §<br>§<br>§ | |
| Defendant. | §<br>§ | JURY TRIAL DEMANDED |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff Holly Cooper-Roell files this First Amended Complaint against Defendants U.S. Xpress, Inc., and would respectfully show the following:

### I. FACTUAL BACKGROUND

1. On or about July 23, 2018, Plaintiff Holly Cooper-Roell sat idle at a red light when her vehicle was struck from the side, or side-swiped, by a tractor-trailer operated by Dedric Wilcott, an employee of U.S. Xpress, Inc.

2. The impact caused Plaintiff to suffer severe injuries, including injuries to her head, knee, neck and back. Plaintiff continues to suffer from her injuries, and now brings this suit to recover for her damages. Plaintiff also suffered property damage to her vehicle.

3. Dedric Wilcott, the driver of the tractor-trailer, did not stop and departed the scene.

4. Defendant failed to conduct an investigation as required by Federal Motor carrier regulations.

5. Defendants' actions and failures were a proximate cause of Plaintiff's injuries, for which she now brings this lawsuit.

## II. THE PARTIES

6. Plaintiff Holly Cooper-Roell resides in Texas.

7. Defendant U.S. Xpress, Inc. is a foreign corporation doing business in Texas. Defendant has accepted service through its attorney and answered.

8. Defendant Dedric Wilcott is an individual that it is believed resides in the State of Texas. Defendant has accepted service through his attorney and answered.

## III. DISCOVERY PLAN

9. Plaintiff intends to conduct discovery to the Federal Rules of Civil Procedure, local rules and the case management plan.

## IV. JURISDICTION AND VENUE

10. Venue and jurisdiction are proper pursuant to jurisdiction based on diversity.

## V. CAUSES OF ACTION AGAINST U.S. XPRESS, INC.

### 1. *NEGLIGENCE*

11. Plaintiff re-alleges each aforementioned allegation as if fully incorporated below. At the time of the accident, Defendant U.S. Xpress, Inc. was operating the vehicle negligently. Defendant had a duty to exercise ordinary care and operate the vehicle in a reasonable and prudent manner. That duty was breached when the tractor-trailer struck plaintiff's vehicle, and such negligence was a proximate cause of Plaintiff's injuries.

12. The duty of reasonable care was breached in one or more of the following ways, among others:

   a. Failing to properly screen, hire, and train the driver;

   b. Failing to observe and follow traffic laws, and to ensure employees or contractors observed and followed those laws;

    c. Failing to maintain a proper lookout, and failing to train employees or contractors to maintain a proper lookout;

    d. Failing to maintain a vehicle in a single lane, and failing to train employees or contractors to maintain a vehicle in a single marked lane;

    e. Failing to keep the vehicle under proper control, and failing to train employees or contractors to keep the vehicle under proper control;

    f. Negligently entrusting the vehicle to the driver;

    g. Failing to properly supervise and control the driver;

    h. Failing to enforce compliance with traffic regulations and rules;

    i. Failing to create or enforce safety rules regarding the operation of company vehicles;

    j. Violating various statutes and regulations, including the Texas Transportation Code, and Federal Motor Carrier Safety Regulations; and

    k. Failing to secure the load properly;

    l. Failing to account for traffic in the blind spot of the tractor-trailer, or failing to train the driver to account for traffic in the blind spot.

13. Each of these acts and omissions, singularly or in combination with others, constitute negligence, which was the proximate cause of this incident and the injuries sustained by Plaintiff.

    **2.** ***NEGLIGENT HIRING, RETENTION AND INVESTIGATION***

14. Plaintiff re-alleges each aforementioned allegation as if fully incorporated below. Defendant U.S. Xpress, Inc. was negligent in hiring Defendant Dedric Wilcott at the time of his application for employment because it had a duty to determine whether Defendant Dedric Wilcott was a competent driver of a commercial tractor-trailer by way of training, experience and ability, and U.S. Xpress, Inc. breached this duty by failing to investigate his training, experience and test his ability. Further, U.S. Xpress, Inc. failed to document the investigation of Dedric Wilcott. These breaches alone or in

combination caused Plaintiff's injuries.

15.     Defendant U.S. Xpress, Inc. hired and retained Defendant Dedric Wilcott in violation of its own policies and procedures.  These breaches alone or in combination with the other allegations caused Plaintiff's injuries.

### 3.  *NEGLIGENT INSPECTION, MAINTENANCE AND REPAIR*

16.     Plaintiff re-alleges each aforementioned allegation as if fully incorporated below. Defendant U.S. Xpress, Inc. had a duty to inspect, maintain and repair the commercial tractor-trailer operated by Defendant Dedric Wilcott, and U.S. Xpress, Inc. breached this duty by failing to inspect, maintain and repair the tractor-trailer. Further, U.S. Xpress, Inc. failed to document these inspections, maintenance or repairs. These breaches alone or in combination caused Plaintiff's injuries.

17.     Defendant U.S. Xpress, Inc. failed to inspect, maintain or repair the vehicle in violation of its own policies and procedures.  These breaches alone or in combination with the other allegations caused Plaintiff's injuries.

### 4.  *NEGLIGENCE IN PROTECTING AGAINST SHIFTING CARGO*

18.     Plaintiff re-alleges each aforementioned allegation as if fully incorporated below. Defendant U.S. Xpress, Inc. had a duty to protect against the shifting of the cargo contained in the tractor-trailer, and U.S. Xpress, Inc. breached this duty by failing to properly secure the cargo, or train the driver, Dedric Wilcott, to properly secure the cargo. These breaches alone or in combination caused Plaintiff's injuries.

19.     Defendant U.S. Xpress, Inc. failed to secure the cargo in violation of its own policies and procedures.  These breaches alone or in combination with the other allegations caused Plaintiff's injuries.

### 5. *NEGLIGENCE PER SE*

20.     Plaintiff re-alleges each aforementioned allegation as if fully incorporated below. Defendants' conduct was negligence per se because of a breach of duty imposed by statute. This breach caused Plaintiff's injuries. Specifically, there was a breach of duties imposed by statutes and state law, including, but not limited to, the following:

- A. TEX. TRANSP. CODE ANN. § 545.103: Requires an operator not to turn the vehicle from a direct course or move on a roadway unless movement can be made safely; and
- B. TEX. TRANSP. CODE ANN. § 545.401: Sets forth a duty not to drive a vehicle in a willful or wanton disregard for the safety of persons and property.
- C. TEX. TRANSP. CODE ANN. § 545.060: sets forth a duty for driving on a roadway lined for traffic within a single lane and not moving from that lane unless it can be done safely.
- D. TEX. TRANSP. CODE ANN. § 545.101 sets forth a duty to approach a right hand turn as closely as practical to the right-hand curb.
- E. TEX. TRANSP. CODE ANN. § 545.103: sets forth a duty for safely turning only when it can be made safely.
- F. Title 49 C.F.R., Subtitle B, Chapter III, Subchapter B-E, Part 391; established a duty to investigate the qualifications, background, character and test the applicant for commercial carrier employment, and document all aspects of the investigation.
- G. Title 49 C.F.R., Subtitle B, Chapter III, Subchapter B, Part 396; established a duty to inspect, maintain and repair motor vehicles, and document all aspects of these activities.
- H. Title 49 C.F.R., Subtitle B, Chapter III, Subchapter B, Part 393; established a duty to use parts and accessories for safe operation and to secure and protect against shifting and falling cargo.

21.     Plaintiff is within the class of individuals intended to be protected by these statutes. The

statutes are ones for which tort liability may be imposed. The breach of the statutory duties alone or in combination proximately caused Plaintiff's injuries.

### 6. *NEGLIGENT ENTRUSTMENT*

22. Plaintiff re-alleges each aforementioned allegation as if fully incorporated below. Defendant U.S. Xpress, Inc. negligently entrusted the vehicle to Dedric Wilcott, the driver, as it knew or had reason to know that the driver was an unlicensed, incompetent, or reckless driver, or had a propensity to drive recklessly, and should not have been operating the vehicle. This was a proximate cause of Plaintiff's injuries.

23. Each of these acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of this incident and Plaintiff's injuries.

### VI. CAUSES OF ACTION AGAINST DEDRIC WILCOTT

#### 1. NEGLIGENCE

24. Plaintiff re-alleges each aforementioned allegation as if fully incorporated below. At the time of the accident, Defendant Dedric Wilcott was operating the vehicle negligently. Defendant had a duty to exercise ordinary care and operate the vehicle in a reasonable and prudent manner. That duty was breached when the tractor-trailer struck plaintiff's vehicle, and such negligence was a proximate cause of Plaintiff's injuries.

25. The duty of reasonable care was breached in one or more of the following ways, among others:

   a. Failing to properly follow driver training;

   b. Failing to observe and follow traffic laws;

   c. Failing to maintain a proper lookout;

   d. Failing to maintain a vehicle in a single lane;

   e. Failing to keep the vehicle under proper control;

6

    f.   Failing to follow proper training and instruction;

    g.   Failing to follow safety rules;

    h.   Failing to follow safety rules regarding the operation of company vehicles;

    i.   Violating various statutes and regulations, including the Texas Transportation Code, and Federal Motor Carrier Safety Regulations; and

    j.   Failing to secure the load properly;

    k.   Failing to account for traffic in his blind spot.

26.    Each of these acts and omissions, singularly or in combination with others, constitute negligence, which was the proximate cause of this incident and the injuries sustained by Plaintiff.

    **2. <u>NEGLIGENCE PER SE</u>**

27.    Plaintiff re-alleges each aforementioned allegation as if fully incorporated below. Defendant, Dedric Wilcott's conduct was negligence per se because of a breach of duty imposed by statute. This breach caused Plaintiff's injuries. Specifically, there was a breach of duties imposed by statutes and state law, including, but not limited to, the following:

    A.   TEX. TRANSP. CODE ANN. § 545.103: Requires an operator not to turn the vehicle from a direct course or move on a roadway unless movement can be made safely; and

    B.   TEX. TRANSP. CODE ANN. § 545.401: Sets forth a duty not to drive a vehicle in a willful or wanton disregard for the safety of persons and property.

    C.   TEX. TRANSP. CODE ANN. § 545.060: sets forth a duty for driving on a roadway lined for traffic within a single lane and not moving from that lane unless it can be done safely.

    D.   TEX. TRANSP. CODE ANN. § 545.101 sets forth a duty to approach a right hand turn as closely as practical to the right-hand curb.

    E.   TEX. TRANSP. CODE ANN. § 545.103: sets forth a duty for safely turning only when it can be made safely.

  F. Title 49 C.F.R., Subtitle B, Chapter III, Subchapter B-E, Part 391; established a duty to investigate the qualifications, background, character and test the applicant for commercial carrier employment, and document all aspects of the investigation.

  G. Title 49 C.F.R., Subtitle B, Chapter III, Subchapter B, Part 396; established a duty to inspect, maintain and repair motor vehicles, and document all aspects of these activities.

  H. Title 49 C.F.R., Subtitle B, Chapter III, Subchapter B, Part 393; established a duty to use parts and accessories for safe operation and to secure and protect against shifting and falling cargo.

28. Plaintiff is within the class of individuals intended to be protected by these statutes. The statutes are ones for which tort liability may be imposed. The collision of the tractor-trailer into plaintiff's vehicle was a breach of the statutory duties and proximately caused Plaintiff's injuries.

## VII. RESPONDEAT SUPERIOR AND AGENCY

29. Plaintiff re-alleges each aforementioned allegation as if fully incorporated below. Dedric Wilcott, the driver was an employee, agent and/or servant of Defendant U.S. Xpress, Inc. Further, the driver was conducting work for Defendant U.S. Xpress, Inc. at the time of the collision. As such, Defendant U.S. Xpress, Inc. is responsible for the conduct of the driver due to the relationship that existed, among other acts and omissions of negligence which may be shown during the trial of this cause.

## VIII. GROSS NEGLIGENCE

30. Plaintiff will further show that the acts and/or omissions of Defendants as described above, when viewed objectively from their standpoint, involve an extreme degree of risk considering the probability and magnitude of the potential harm to others. Defendants had actual subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, and/or welfare of the others, including Plaintiff. As such, these actions and omissions

8

constitute gross negligence.

## IX.  DAMAGES

31.     Plaintiff seeks damages for physical pain and suffering, past and future disfigurement, physical impairment and mental anguish; past and future medical expenses; past and future loss of earning capacity and income; and, past and future lost household services.  Because of the egregious nature of the actions of the Defendants, Plaintiff seeks punitive damages.

## X.  REQUEST FOR JURY TRIAL

32.     Plaintiff respectfully demands a jury trial and tenders the appropriate fee.

## XII.  PRAYER

By reason of all the above and foregoing, Plaintiff is entitled to recover from Defendants the damages set forth in this petition, jointly and severally, within the jurisdictional limits of this Court.  Plaintiff seeks damages over $1,000,000.  Plaintiff also seeks pre- and post-judgment interest at the maximum legal rate, costs of court, and any other relief to which Plaintiff may be justly entitled.

9

Respectfully submitted,

**THE BUZBEE LAW FIRM**

*/s/:*  *Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
Federal Bar No. 22679
Bret Griffin
State Bar No. 24025396
Federal Bar No. 685946
JPMorgan Chase
Tower 600 Travis,
Suite 7300
Houston, Texas 77002
Tel: (713) 223-5393
Fax: (713) 223-5909
tbuzbee@txattorneys.com
bgriffin@txattorneys.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of this document has been duly served on all known counsel of record and pro se parties in accordance with the Federal of Civil Procedure on January 4, 2019.

*<u>Via E-Service & E-mail</u>*
Les Picket
Andrew Krone
Galloway, Johnson, Tompkins, Burr & Smith
1301 McKinney, Suite 1400
Houston, TX 77010

             */s/ Bret Griffin*
             Bret Griffin