UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| HOLLY COOPER-ROELL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-260 |
| | § | |
| TARGET CORPORATION, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court are the plaintiff's motion to remand (Dkt. 49) and the defendants' motion for costs and attorney's fees (Dkt. 65). The plaintiff's motion is **GRANTED**. The defendants' motion is **DENIED**. This case is **REMANDED** to the 122nd District Court of Galveston County, Texas.

Generally, a defendant may remove to federal court any state court civil action over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction—commonly referred to as "diversity jurisdiction"—over civil actions in which: (1) all persons on one side of the controversy are citizens of different states than all persons on the other side; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332; *see also McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). Conversely, diversity jurisdiction is absent if any plaintiff in the case is a citizen of the same state as any named defendant, provided all nondiverse defendants have been "properly joined." *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004)

(quotation marks omitted). The jurisdictional analysis in this case is straightforward: the plaintiff and one of the defendants, Dedric Wilcott ("Wilcott"), are both from Texas, so this Court lacks diversity jurisdiction and the plaintiff's motion must be granted. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

However, a review of the docket in this case reveals that the plaintiff is plainly using the motion as a stalling tactic. On October 22, 2018, the plaintiff added Wilcott to this case in her amended complaint. In paragraph 10 of her amended complaint, the plaintiff represented as follows:

### IV. JURISDICTION AND VENUE

10. Venue and jurisdiction are proper. The relief requested is within the jurisdictional limits of this Court. Defendants either conduct business in Texas or reside in Texas.

Contrary to the plaintiff's representation, this Court lost jurisdiction over this case when the plaintiff added Wilcott. Nevertheless, Plaintiff waited to file her motion to remand until ten months later, when the Court denied a joint motion to continue the trial date on August 5, 2019.[1] Such a delay is inexcusable, and the timing of the motion can only be

---

[1] In her response to the defendants' motion for costs and fees, the plaintiff accuses the defendants of "hid[ing] the identity and citizenship of . . . Wilcott until 47 days after removal" (Dkt. 69 at p. 3). But this case was removed on September 5, 2018; and the date 47 days after removal was October 22, 2018. So, even if the defendants "hid" Wilcott's Texas citizenship until 47 days after removal, the plaintiff still knew about Wilcott's Texas citizenship when she filed her amended complaint on October 22, 2018. Moreover, regardless of whether Wilcott's citizenship was clear in October of 2018, the plaintiff took Wilcott's deposition on May 29, 2019, two months before she filed her motion to remand.

explained by the plaintiff's desire to delay the trial of this lawsuit by taking the suit back to state court.

Since the plaintiff waited for so long before requesting remand, the defendants have filed a motion asking for their reasonable and necessary costs and attorney's fees incurred since October 22, 2018, the date on which the plaintiff added Wilcott and on which this Court consequently lost subject matter jurisdiction. This Court, though it no longer has subject matter jurisdiction, retains collateral jurisdiction to determine whether an award of fees and costs is warranted by the plaintiff's unreasonably dilatory and vexatious conduct. *Ratliff v. Stewart*, 508 F.3d 225, 229–34 (5th Cir. 2007). This Court may sanction the plaintiff's counsel under Federal Rule of Civil Procedure 11 and under 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying these judicial proceedings; for burdening this Court and the opposing parties with needless expense and delay; and for signing, filing, and arguing requests for relief in this Court—including requests that the Court overrule the defendants' objections to engaging in certain discovery[2]—when the plaintiff's counsel knew that the Court lacked subject matter jurisdiction. *Id.* at 232.

Despite its frustration with the conduct of the plaintiff's counsel and its authority to sanction that conduct, the Court will not impose sanctions here. With the necessary remand to state court, this case must change courts yet again, which will already delay

---

[2] After this Court lost subject matter jurisdiction and before the plaintiff filed her motion to remand, the plaintiff filed two requests for hearings to discuss the defendants' discovery responses and objections (Dkt. 27 and Dkt. 29). The Court held two discovery hearings during that time (Dkt. 31 and Dkt. 41).

the parties' ability to finally resolve this dispute. Keeping a parallel federal case alive by imposing monetary sanctions and spawning the inevitable appeal of those sanctions will get the parties no closer to that resolution and will instead delay the trial further. Accordingly, the plaintiff's motion to remand (Dkt. 49) is **GRANTED**. The defendants' motion for costs and attorney's fees (Dkt. 65) is **DENIED**. This case is **REMANDED** to the 122nd District Court of Galveston County, Texas. The Clerk is **ORDERED** to send a copy of this order via certified mail, return receipt requested, to the District Clerk of Galveston County, Texas and to the Court Coordinator of the 122nd District Court of Galveston County, Texas. The state-court cause number is 18-CV-1106.

SIGNED at Houston, Texas on October 29 2019.

*signature*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE